# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FERNANDUS CORTEZ ELLEN,

        Defendant-Appellant.

UNPUBLISHED
February 1, 2018


No. 325627
Wayne Circuit Court
14-003019-FC

---

ON REMAND

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

On September 27, 2016, this Court issued an opinion affirming defendant's "jury trial conviction of voluntary manslaughter, MCL 750.321[,]" but remanding for further proceedings regarding defendant's sentence. *People v Ellen*, unpublished per curiam opinion of the Court of Appeals, issued September 27, 2016 (Docket No. 325627), p 1. On October 31, 2017, our Supreme Court reversed "the judgment of the Court of Appeals remanding this case to the trial court for proportionality review and for a hearing pursuant to *People v Lockridge*, 498 Mich 358 (2015)," and remanded the case "to the Court of Appeals for plenary review of the defendant's sentencing claims, including that his sentence was disproportionate under the standard set forth in *People v Milbourn*, 435 Mich 630, 636 (1990). See *People v Steanhouse*, 500 Mich [453,] 460-461 [(2017)]." *People v Ellen*, ___ Mich ___; 902 NW2d 612 (2017). We now vacate defendant's sentence and remand this matter to the trial court for resentencing.

The issue here is whether the sentence imposed by the trial court, 10 to 15 years' imprisonment, which departed from the minimum guideline range of 36 to 71 months' imprisonment, is disproportionate. Defendant argues that all of the factors relied on by the trial court for his sentencing departure already were accounted for by the sentencing guidelines, and therefore are insufficient to warrant a departure from the range called for by the sentencing guidelines.

The controlling standard of reasonableness is the principle of proportionality pursuant to *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). See *People v Steanhouse*, 500 Mich 453, 471-472; 902 NW2d 327 (2017) (*Steanhouse II*). As this Court recently explained in

-1-

*People v Dixon-Bey*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 16:

> "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion. [*Steanhouse II*, 500 Mich at 471.] In *Steanhouse*, the Michigan Supreme Court clarified that 'the relevant question for appellate courts reviewing a sentence for reasonableness' is 'whether the trial court abused its discretion by violating the principle of proportionality[.]' [*Id*.] The principle of proportionality is one in which
>
>> "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." [[*Id*. at 472], quoting *Milbourn*, 435 Mich [at 651].]
>
> Under this principle, " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " [*Steanhouse II*, 500 Mich at 472,] quoting *Milbourn*, 435 Mich at 661. [*Dixon-Bey*, ___ Mich App at ___; slip op at 16.]

The sentencing guidelines are an "aid to accomplish the purposes of proportionality . . . ." *Id*. at ___; slip op at 18. The sentencing guidelines " 'provide objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences.' " *Id*., quoting *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (brackets omitted). The Michigan Supreme Court has been clear that while the sentencing guidelines are now only advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . ." *Lockridge*, 498 Mich at 391. See also *Steanhouse II*, 500 Mich at 474-475. As this Court recently explained:

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), see also *Milbourn*, 435 Mich at 657, (2) factors not considered by the guidelines, *Houston*, 448 Mich at 322-324, see also *Milbourn*, 435 Mich at 660, and (3) factors considered by the

guidelines but given inadequate weight, *Houston*, 448 Mich at 324-325, see also *Milbourn*, 435 Mich at 660 n 27. [*Dixon-Bey*, ___ Mich App at ___; slip op at 18-19.]

Other factors to consider "include 'the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation, *id*.' " *Dixon-Bey*, ___ Mich App at ___; slip op at 19 n 9, quoting *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015) (*Steanhouse I*), rev'd 500 Mich 453 (2017). On remand, these are the factors that the trial court should employ when re-sentencing the defendant.

The "key test" applicable to sentencing is "whether the sentence is proportionate *to the seriousness of the matter . . . .*" *Milbourn*, 435 Mich at 661 (emphasis supplied). It is quite clear that the trial court found that the overall brutality of the crime, and the resultant severe injuries to the victim, were the primary reasons a departure was warranted in this case. Defendant correctly notes that the sentencing guidelines accounted for these concerns, at least to a certain extent. The trial court assigned 10 points to OV 6 because, and as is reflected in the jury's verdict, defendant killed the victim while "in an extreme emotional state caused by an adequate provocation and before a reasonable amount of time elapsed for the offender to calm . . . ." MCL 777.36(1)(c). The trial court assigned 50 points to OV 7, which considers "aggravated physical abuse," because it concluded the defendant treated the victim "with sadism, torture, excessive brutality or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). The trial court assigned 25 points to OV 3, which considers the physical injuries suffered by a victim, because defendant caused "[l]ife threatening or permanent incapacitating injury" to the victim. MCL 777.33.[1] The trial court assigned 10 points to OV 1 because the victim was "touched by any other type of weapon." MCL 777.31(1)(d). In total, the trial court calculated 95 offense variable points in light of the brutality of the defendant's criminal activity.

While the trial court may have articulated sufficient reasons for a sentencing departure, it also had a duty to explain why the *extent* of the departure is warranted. *People v Steanhouse (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 318329) (*Steanhouse III*); slip op at 5; *Dixon-Bey*, ___ Mich App at ___; slip op at 19. See also *Smith*, 482 Mich at 304 (a trial court "must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been."). On remand, should the trial court choose to depart from the guideline range, it must articulate the reason(s) why the extent of the particular sentence departure it chooses is warranted relative to the conduct already considered by the sentencing guidelines.

The trial court can do this, perhaps, by reference to the fact that this particular incident may be at the most serious end of the spectrum of manslaughter cases and thus warrants the most

---

[1] This variable could not be scored at 100 points, which generally applies when a victim is killed, because 100 points are only to be assigned to this variable if the sentencing offense is not a homicide. MCL 777.33(2)(b); *People v Houston*, 473 Mich 399; 702 NW2d 530 (2005).

severe sentence permitted.  See *Milbourn*, 435 Mich at 653-654.  It also may adequately explain a departure by comparing the defendant's acts to other crimes that would warrant a 10-year minimum sentence under the sentencing guidelines.  *Smith*, 482 Mich at 306.  But, as an appellate court, it is incumbent upon us to "avoid supplementing or otherwise justifying the trial court's otherwise insufficient reasoning with reasoning of [our] own."  *Dixon-Bey*, ___ Mich App at ___; slip op at 22 n 11, citing *Smith*, 482 Mich at 304.

Therefore, we vacate defendant's sentence and remand this matter to the trial court for resentencing.  On remand, the trial court may impose a departure sentence, but should do so only if it articulates reasons sufficiently justifying the extent of its chosen departure.

We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Riordan